**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 10-41317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO DE LOS SANTOS-VALLEJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-572-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

After entering a plea agreement, Jose Alberto De Los Santos-Vallejo was convicted of illegal reentry and was sentenced to 37 months of imprisonment and two years of supervised release. De Los Santos-Vallejo now appeals the judgment of the district court and requests that this court order the modification of his presentence report (PSR), which incorrectly concluded that De Los Santos-Vallejo's statutory maximum term of imprisonment was 20 years, implying that he should be sentenced pursuant to 8 U.S.C. § 1326(b)(2) rather than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b)(1), and of the judgment, which merely cites § 1326(b) in reference to De Los Santos-Vallejo's punishment. De Los Santos-Vallejo concedes that he did not object on these grounds in the district court. The Government agrees that the judgment should be modified.

Because De Los Santos-Vallejo did not object in the district court, we review for plain error his argument that the PSR should be modified. A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation and citation omitted).

We decline to order the modification of the PSR, as De Los Santos-Vallejo has not demonstrated that the error therein affects his substantial rights. However, the judgment is modified to reflect that De Los Santos-Vallejo was sentenced pursuant to § 1326(b)(1). *See United States v. Mondragon-Santiago,* 564 F.3d 357, 369 (5th Cir. 2009*).*

AFFIRMED AS MODIFIED.